UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re Application of<br><br>WEST FACE CAPITAL INC.,<br><br>Applicant. | Case No. 19-mc-80260-LB<br><br>**ORDER GRANTING APPLICATION TO SERVE REQUEST FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>Re: ECF No. 1 |

## INTRODUCTION

West Face Capital Inc. is a defendant and counterclaimant in an action pending before the Ontario Superior Court of Justice in Toronto, Ontario, Canada.[1] West Face alleges that the counterclaim defendants in its Canadian action engaged in a campaign to defame it, including by making false and defamatory statements about it and its CEO in anonymous postings on various internet websites.[2] In an effort to establish that the counterclaim defendants were responsible for the anonymous statements, West Face filed two previous applications on October 10, 2018 and April 8, 2019 under 28 U.S.C. § 1782 seeking leave to issue a subpoena to Google LLC for

---

[1] Appl. – ECF No. 1 at 2 (¶ 1). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.*

ORDER – No. 19-mc-80260-LB

documents related to certain Gmail email addresses associated with the statements.[3] The court granted both applications.[4] Based on the documents obtained, West Face now seeks leave to issue a third subpoena to Google in relation to eight Google email accounts that may be associated with the defamatory statements made about West Face.[5] Google does not oppose West Face's application.[6] The court grants West Face's application to serve its proposed subpoena on Google.

## ANALYSIS

**1. Governing Law**

West Face makes its application for discovery under 28 U.S.C. § 1782(a), which provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

A litigant in a foreign action qualifies as an "interested person" under Section 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). In order to apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id.* at 258–59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint against the

---

[3] *Id.* at 2-3 (¶ 2).

[4] *In re West Face Capital Inc.*, No. 18-mc-80179-LB, 2018 WL 4944892 (N.D. Cal. Oct. 12, 2018); *In re West Face Capital Inc.*, No. 19-mc-80090-LB, 2019 WL 1594994 (N.D. Cal. Apr. 15, 2019).

[5] Appl. – ECF No. 1 at 3 (¶ 3).

[6] *Id.*

ORDER – No. 19-mc-80260-LB        2

opposing party was only in the investigative stage). An ex parte application is an acceptable method for seeking discovery pursuant to Section 1782. *See In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas).

A district court has wide discretion to grant discovery under Section 1782. *Intel*, 542 U.S. at 260–61. In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance," (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65.

A district court's discretion is to be exercised in view of the twin aims of Section 1782: (1) providing efficient assistance to participants in international litigation and (2) encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004). There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

When considering an application for discovery pursuant to Section 1782, the court considers first whether it has the statutory authority to grant the request and then whether it should exercise its discretion to do so. *Lazaridis v. Int'l Centre for Missing and Exploited Children, Inc.*, 760 F. Supp. 2d 109, 112 (D.D.C. 2011) (citations omitted).

**2. Application**

    **2.1 Statutory Requirements**

West Face's application satisfies the three minimum statutory requirements of Section 1782. First, West Face's application seeks discovery from Google, whose principal place of business is

in the Northern District of California. Second, the requested discovery is for use in a lawsuit currently pending in Canada. Third, West Face qualifies as an "interested person" because it is a party to the Canadian lawsuit.

### 2.2 Discretionary *Intel* Factors

The discretionary *Intel* factors also support granting the application.

#### 2.2.1 Participant in a foreign proceeding

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Google is not a participant in the Canadian lawsuit. Additionally, being a resident of California, Google may claim that the documents that West Face seeks are located in the United States, and thus possibly out of the immediate reach of the Canadian court.[7] This factor weighs in favor of granting the application. *Cf. Thompson v. Doel*, No. 5:13-cv-80088-EJD-PSG, 2013 WL 5544607, at *2 (N.D. Cal. Oct. 7, 2013).

#### 2.2.2 Nature of the foreign tribunal and receptivity to U.S. federal-court judicial assistance

The second *Intel* factor requires the court to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.

---

[7] Appl. – ECF No. 1 at 4 (¶ 7); Mem. of Law – ECF No. 2 at 7.

The Canadian court expressly requested the assistance of this court in obtaining documents from Google and thus appears receptive to U.S. federal-court judicial assistance.[8] This factor weighs in favor of granting the application.

### 2.2.3 Attempt to circumvent foreign proof-gathering restrictions or policies

The third *Intel* factor considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264–65.

The Canadian court expressly held that this application was not an attempt to circumvent Canadian proof-gathering restrictions.[9] This factor weighs in favor of granting the application.

### 2.2.4 Undue intrusion or burden

The fourth *Intel* factor is whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

Google does not oppose West Face's application, and the discovery West Face seeks does not appear on its face to be unduly intrusive or burdensome. West Face further states that it is willing to meet and confer with Google if Google believes that any of its requests are unduly burdensome.[10] This factor weighs in favor of granting the application. *Cf. In re Darmon*, No. 17-mc-80089-DMR, 2017 WL 3283969, at *3 (N.D. Cal. Aug. 2, 2017) (finding that "a proposed subpoena [that] requests documents that establish or would help to establish the identity of the author of the blog posts on Wordpress.com" "does not appear to be unduly burdensome and is appropriately tailored").[11]

---

[8] Appl. Ex. C (Canadian court order) – ECF No. 4-1 at 119 ("THIS COURT FURTHER REQUESTS the assistance of the United States District Court for the Northern District of California in aiding the Moving Parties in obtaining documents from Google by the means ordinarily used in that jurisdiction to obtain documents from a non-party[.]").

[9] *Id.* (Canadian court order) ("THIS COURT DECLARES that the documents to be sought by the Moving Parties in the United States may be relevant and necessary to the just determination of the Moving Parties' Counterclaim in this Action, and the Moving Parties' intent to seek production of such documents in the United States is consistent with and not contrary to this Court's continued jurisdiction with respect to this Action and is not an attempt to circumvent the proof-gathering process in Canada[.]").

[10] Appl. – ECF No. 1 at 4 (¶ 7); Mem. of Law – ECF No. 2 at 8.

[11] This does not preclude Google from contesting the subpoena. *Cf. Darmon*, 2017 WL 3283969, at *4.

## CONCLUSION

For the foregoing reasons, the court grants West Face's application to serve its proposed subpoena on Google.

If Google wants to contest the subpoena, it must notify West Face that it wishes to do so before the return date of the subpoena. Then, in lieu of a formal motion to quash, the parties must engage in the meet-and-confer and joint-letter-brief processes set out in the court's standing order, which is attached to this order.

West Face must serve Google with a copy of this order and a copy of the standing order when it serves its subpoena.

**IT IS SO ORDERED.**

Dated: October 31, 2019

_____
LAUREL BEELER
United States Magistrate Judge